589 P.2d 1378 (1978)
Leslie James POTTERN, Plaintiff-Appellant,
v.
BACHE HALSEY STUART, INC., and Richard B. Dalton, Defendants-Appellees.
No. 78-509.
Colorado Court of Appeals, Div. III.
October 26, 1978.
Rehearing Denied November 24, 1978.
Pendleton, Sabian & Craft, P.C., Alan C. Friedberg, Denver, for plaintiff-appellant.
Dawson, Nagel, Sherman & Howard, Cassandra G. Sasso, Denver, for defendants-appellees.
PIERCE, Judge.
Plaintiff, Leslie James Pottern, brought this action against defendants, Bache Halsey Stuart, Inc., and Richard B. Dalton, alleging that defendants made misrepresentations in connection with plaintiff's purchase of certain securities. The district court dismissed the action, holding that a prior federal action involving the same parties was res judicata. We reverse.
Plaintiff sued these defendants in federal district court, alleging several violations of the federal securities laws. Plaintiff's complaint also contained a pendent state claim based on § 11-51-125, C.R.S.1973, of the Colorado Securities Act. The federal district court, exercising its discretionary powers over the scope of pendent jurisdiction, dismissed the state claim without prejudice. See Kerby v. Commodity Resources, Inc., 395 F.Supp. 786 (D.Colo.1975). It also dismissed with prejudice all but one of the federal claims. The remaining federal claim, based on defendants' alleged violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1970), was tried to a jury, which returned a verdict in favor of defendants.
*1379 Plaintiff then brought this action in state court. The complaint stated two claims for reliefone based on defendants' violation of § 11-51-125, C.R.S.1973, and one based on common law negligence. The trial court concluded that the adverse judgment in federal court was res judicata, and operated to bar plaintiff's state cause of action. We disagree.
The doctrine of res judicata makes an existing judgment conclusive as to the rights of the parties in any subsequent proceeding based on the same "cause of action." See Pomeroy v. Waitkus, 183 Colo. 344, 517 P.2d 396 (1973); Pomponio v. Larsen, 80 Colo. 318, 251 P. 534 (1926). Here, the federal and state claims require different degrees of culpability, and are therefore not identical for purposes of res judicata.
For a plaintiff to prevail under § 10(b) of the 1934 Act, he must prove that the defendant intended to deceive, manipulate, or defraud him, Ernst & Ernst v. Hochfelder, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), and the jury in the federal case was so instructed. However, defendants admit in their brief, and we agree, that § 11-51-125(1), C.R.S.1973, of the Colorado Securities Act does not require intentional deception:
"Any person who . . . offers or sells a security by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading (the buyer not knowing of the untruth or omission), and who does not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission, is liable . . .." (emphasis added)
This language is virtually identical to § 12(2) of the Securities of Act of 1933, 15 U.S.C. § 77l(2) (1970), which has been construed as requiring only the negligence of the defendant. See Franklin Savings Bank v. Levy, 551 F.2d 521 (2d Cir. 1977); Odette v. Shearson, Hammill & Co., 394 F.Supp. 946 (S.D.N.Y.1975); Stewart v. Bennett, 359 F.Supp. 878 (D.Mass.1973).
Thus, plaintiff has never had an opportunity to argue that defendants' behavior was actionably negligent. That allegation was dismissed out of the federal case, without prejudice, and mere negligence would not have sufficed for the remaining 10(b)(5) claim. Accordingly, the federal judgment, which may have been based on the jury's conclusion that defendants were negligent but not intentionally deceitful, does not bar the state claims.
The judgment is reversed and the cause remanded with instructions to reinstate plaintiff's complaint.
RULAND and VanCISE, JJ., concur.