1999-NMCA-024

973 P.2d 866

Teresa WOLFORD, Plaintiff–Appellant,

v.

Roger LASATER, Lynn Izatt, San Juan County Sheriff, Board of County Commissioners of San Juan County, Defendants–Appellees.

No. 18788.

Court of Appeals of New Mexico.

Dec. 16, 1998.

Certiorari Denied, No. 25543, Feb. 2, 1999.

**615**

Stephen T. LeCuyer, Mettler & LeCuyer, P.C., Corrales, for Appellant.

Ronald J. Childress, Elaine R. Dailey, Klecan & Childress, Albuquerque, for Appellees.

OPINION

APODACA, Judge.

{1} Plaintiff appeals the trial court's dismissal of her claims and denial of her motion to amend her complaint. Plaintiff sued Defendants for malicious prosecution, false arrest, abuse of process, and negligent supervision. Her motion to amend sought to assert a claim of negligent investigation. These claims arose from Plaintiff's prosecution for forgery and embezzlement of money from her workplace. She raises four issues on appeal: (1) claim preclusion does not bar her state law claims in state court, (2) the statute of limitations does not bar the claim of negligent investigation, (3) the trial court abused its discretion by denying Plaintiff leave to amend, and (4) justice requires granting her motion to amend. Unpersuaded by Plaintiff's arguments, we affirm the trial court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{2} Plaintiff worked for the incumbent sheriff of San Juan County. Defendant Roger Lasater defeated the incumbent in an election. Later, Plaintiff was charged with forgery and embezzlement of money from the Sheriff's Department. A jury found Plaintiff not guilty. Because of this prosecution, Plaintiff filed her tort claims against Defendants in the trial court. She also pursued these tort claims and other constitutional claims in federal court.

{3} The trial court stayed its proceedings pending adjudication of the claims in federal court. The federal court eventually granted summary judgment in favor of Defendants on the basis that probable cause existed for Plaintiff's arrest and prosecution. The opinion of the federal court, however, did not identify or address Plaintiff's negligent-supervision claim. The federal appellate court affirmed. *See Wolford v. Lasater,* 78 F.3d 484 (10th Cir.1996). Plaintiff then filed mo-

tions in the trial court to vacate the stay of proceedings and for leave to amend her complaint to assert a new claim of negligent investigation. The trial court denied Plaintiff's motion to amend because of claim preclusion and the statute of limitations. The trial court ruled that Plaintiff's negligent-investigation claim did not have merit. Defendants filed a motion to dismiss, which the trial court granted, based on its order denying Plaintiff's motion to amend and the federal court decisions.

## II. DISCUSSION

### A. Standards of Review

■ {4} We review de novo the trial court's application of claim preclusion. *See Anaya v. City of Albuquerque*, 1996–NMCA–092, ¶ 5, 122 N.M. 326, 924 P.2d 735 (stating that determination of claim preclusion was legal question reviewable de novo). We also consider whether the trial court abused its discretion in denying Plaintiff leave to amend her complaint. *See Slide–A–Ride of Las Cruces, Inc. v. Citizens Bank*, 105 N.M. 433, 436, 733 P.2d 1316, 1319 (1987) (reviewing denial of leave to amend complaint for an abuse of discretion).

### B. Claim Preclusion

■ {5} Claim preclusion, or res judicata, bars subsequent actions "involving the same claim, demand or cause of action." *Black's Law Dictionary* 905 (abr. 6th ed.1991). Claim preclusion applies where there is " '(1) identity of parties or privies, (2) identity of capacity or character of persons for or against whom the claim is made, (3)[the]same cause of action, and (4)[the]same subject matter.' " *City of Las Vegas v. Oman*, 110 N.M. 425, 432, 796 P.2d 1121, 1128 (Ct.App.1990) (quoting *Three Rivers Land Co. v. Maddoux*, 98 N.M. 690, 694, 652 P.2d 240, 244 (1982), *overruled on other grounds by Universal Life Church v. Coxon*, 105 N.M. 57, 59, 728 P.2d 467, 469 (1986)). Additionally, the parties must have had a full and fair opportunity to litigate issues arising from the claim, and there must have been a final decision on the merits. *See City of Las Vegas*, 110 N.M. at 432, 796 P.2d at 1128.

### 1. Federal and State Standards for Summary Judgment

■ {6} Plaintiff argues that claim preclusion does not apply here because her burden under federal construction of summary judgment was greater than under state court interpretation. For example, Plaintiff relies on *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), which holds that summary judgment may be granted "[i]f the evidence is merely colorable." Plaintiff also notes lower federal court interpretation of the summary judgment standard. *See, e.g., Martin v. Daily Express, Inc.*, 878 F.Supp. 91, 94 (N.D.Ohio 1995) (explaining that "[t]he non-movant must show more than a scintilla of evidence to overcome summary judgment"). Additionally, Plaintiff refers us to legal commentary maintaining that relitigation of an issue is not precluded where "[t]he party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action." Restatement (Second) of Judgments § 28(4) (1980).

{7} Plaintiff contrasts the federal authority with cases from our state courts. She quotes *Lopez v. Kline*, 1998–NMCA–016, ¶ 8, 124 N.M. 539, 953 P.2d 304, which gives the benefit of all reasonable doubt to the party opposing summary judgment in determining the existence of a genuine issue of material fact. Our Court in *Jemez Properties, Inc. v. Lucero*, 94 N.M. 181, 185, 608 P.2d 157, 161 (Ct.App.1979), reasoned that summary judgment should be denied where the facts support equally logical but conflicting inferences. Plaintiff also notes *Maxey v. Quintana*, 84 N.M. 38, 42, 499 P.2d 356, 360 (Ct.App.1972), which held that intent is usually a question for the jury and may be inferred from the circumstances. According to Plaintiff's reading of *Gallegos v. Wallace*, 74 N.M. 760, 765, 398 P.2d 982, 986 (1964), *overruled on other grounds by McGeehan v. Bunch*, 88 N.M. 308, 314, 540 P.2d 238, 244 (1975), the credibility of witnesses is an issue of fact for the jury that summary judgment cannot resolve.

{8} Defendants present four main points in rebuttal. First, Defendants observe that

none of the cases relied on by Plaintiff prohibit claim preclusion because of different standards for summary judgment. Second, Defendants argue that New Mexico federal and state law standards for summary judgment are the same. They cite two state cases, *Goradia v. Hahn Co.,* 111 N.M. 779, 780–81, 810 P.2d 798, 799–800 (1991), and *Paca v. K–Mart Corp.,* 108 N.M. 479, 480, 775 P.2d 245, 246 (1989), that refer to federal rationale on summary judgment. Defendants challenge Plaintiff's interpretation of the benefit of the doubt that our state cases give the party opposing summary judgment. In *Goodman v. Brock,* 83 N.M. 789, 792, 498 P.2d 676, 679 (1972), our Supreme Court quoted with approval 3 Barron & Holtzoff, *Federal Practice and Procedure,* § 1234, at 124–26 (Rev'd by Wright 1958):

"Though it has been said that summary judgment should not be granted if there is the 'slightest doubt' as to the facts, such statements are a rather misleading gloss on a rule which speaks in terms of 'genuine issue as to any material fact,' and would, if taken literally, mean that there could hardly ever be a summary judgment, for at least a slight doubt can be developed as to practically all things human. A better formulation would be that the party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists. If there are such reasonable doubts, summary judgment should be denied. A substantial dispute as to a material fact forecloses summary judgment."

Defendants conclude that this reasonable doubt standard is the same as the federal standard and the same standard that the federal courts applied in this case.

{9} Third, Defendants argue that because the federal trial and appellate courts' rulings in this case turned on the issue of probable cause, a different summary judgment standard is irrelevant. The federal district court evaluated whether probable cause existed for Plaintiff's arrest. Defendants note that the federal district court cited both federal and state cases in its analysis. *See, e.g., Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979);

*Jennings v. Hinkle,* 115 N.M. 387, 851 P.2d 509 (Ct.App.1993). According to Defendants, federal and state examination of probable cause is the same. *See, e.g., Jennings,* 115 N.M. at 389, 851 P.2d at 511 (citing *Franks v. Delaware,* 438 U.S. 154, 164–72, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), for probable cause determination).

{10} Finally, Defendants note that Plaintiff chose to proceed in federal court. Conceding that the claims in both suits were the same, Plaintiff moved to stay the proceedings in the trial court. Defendants assert that, if different federal law standards concerned Plaintiff, she could have chosen to litigate in the trial court instead. Defendants ultimately conclude that Plaintiff is "not entitled to more than one fair bite at the apple." *Ford v. New Mexico Dep't of Pub. Safety,* 119 N.M. 405, 407, 891 P.2d 546, 548 (Ct.App. 1994).

{11} We are not persuaded by Plaintiff's arguments against application of claim preclusion in this appeal. There is no case law barring claim preclusion based on summary judgment standards that may differ in state and federal courts. We agree with Defendants' argument that the federal and our own state's constructions of summary judgment do not differ substantively. Plaintiff argues that, under New Mexico law, intent and credibility are issues for the jury, *Maxey v. Quintana,* 84 N.M. 38, 42, 499 P.2d 356, 360 (Ct.App.1972), and thus, asserts that evidence of false and embellished testimony raised issues of witness credibility, which in state court should have been brought before a jury. In *McEwen v. Delta Air Lines, Inc.,* 919 F.2d 58, 60 (7th Cir.1990), the Seventh Circuit explained, "*Erie* does not require a federal court to employ the state's rules on the allocation of issues between judge and jury .... Federal courts may grant summary judgment under Rule 56 on concluding that no reasonable jury could return a verdict for the party opposing the motion, even if the state would require the judge to submit an identical case to the jury." (citations omitted). Additionally, the rationale of the federal rulings here were not founded on Plaintiff's allegedly controversial distinctions

between federal and state standards for summary judgment.

## 2. Pendent Jurisdiction

■ {12} Plaintiff argues that the federal court improperly addressed her state law claims. She claims that the federal court should have dismissed her state law claims without prejudice after granting summary judgment on the federal claims. *See, e.g., United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The Court in *United Mine Workers,* 383 U.S. at 726, 86 S.Ct. 1130, advised federal courts against unnecessary decisions of state law because of concerns for comity and justice. But the Supreme Court stated that exercise of pendent jurisdiction is a matter of discretion. *See id.* Under principles of claim preclusion, we have no more authority to review the propriety of the federal court's exercise of this discretion than to review the propriety of its grant of summary judgment on the merits. *Cf.* Restatement, *supra,* § 12 (severely restricting right to challenge subject matter jurisdiction of earlier tribunal). Additionally, Plaintiff's failure to contest pendent jurisdiction in federal court defuses her argument. *See Guidry,* 954 F.2d at 285 (considering whether plaintiff challenged pendent jurisdiction in the federal district court in evaluating appropriateness of its retention of state law claims).

## 3. Change in Law

■ {13} Plaintiff argues that claim preclusion does not bar her negligent investigation and malicious abuse of process causes of action because they were recognized during the time her lawsuit in the trial court was stayed. Relying on *State Farm Mut. Auto. Ins. Co. v. Duel,* 324 U.S. 154, 162, 65 S.Ct. 573, 89 L.Ed. 812 (1945), Plaintiff asserts the general rule is that *"res judicata* is no defense where between the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situation." Plaintiff consequently argues that she did not previously have the opportunity to assert these claims. We believe that Plaintiff has misinterpreted *State Farm,* 324 U.S. at 162, 65 S.Ct. 573.

The Court in *State Farm* commented in dicta on case law concerning the meaning of commerce. *See id.* at 160–62, 65 S.Ct. 573. Although the Court referred to res judicata, the determination of the meaning of commerce implicated issue, rather than claim, preclusion. *See Black's Law Dictionary* 578, 905 (abr. 6th ed.) (defining issue preclusion and res judicata); Restatement, *supra,* § 28(2)(b) and cmt. c (change in law can affect issue preclusive effect of judgment). We determine that a change in law does not affect the claim preclusive effect of a judgment. Consequently, the cases decided after the judgment here and relied on by Plaintiff in her briefs are inapplicable.

## 4. Different Mental State for Negligent Investigation

■ {14} Plaintiff argues that claim preclusion does not bar her action for negligent investigation because all of the claims on which the Tenth Circuit ruled required proof of intentional conduct. She reasons that negligent investigation involves a different mental state. *See Pottern v. Bache Halsey Stuart, Inc.,* 41 Colo.App. 451, 589 P.2d 1378, 1379 (1978) (where federal and state claims require different degrees of culpability, they are not identical for purposes of claim preclusion).

{15} Under *Ford,* 119 N.M. at 413, 891 P.2d at 554, claim preclusion bars Plaintiff's potential cause of action for negligent investigation. This Court in *Ford,* 119 N.M. at 413, 891 P.2d at 554 (footnote omitted), approvingly quoted the Restatement, *supra,* § 24:

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) What factual grouping constitutes a "transaction", and what groupings constituted a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation,

whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

{16} We have held above that claim preclusion bars Plaintiff's other claims. Her negligent investigation claim arose out of the same transaction. Consequently, the federal judgment extinguished her right to this remedy.

{17} Plaintiff's case is distinguishable from *Pottern*, 589 P.2d at 1378–79, and *Rath v. Gallup, Inc.*, 51 F.3d 791, 792 (8th Cir. 1995) (per curiam), where the respective federal district courts dismissed the state claims without prejudice so that they could be brought in state court. Here, on the other hand, Plaintiff failed to bring her claim of negligent investigation in her original suit although she had the opportunity to do so. Plaintiff also cites *State v. Warren*, 124 Ariz. 396, 604 P.2d 660 (Ct.App.1979), but it was a criminal case and the two criminal cases at issue involved two different plea bargains. Although one sentence in *Jones v. Sherrill*, 827 F.2d 1102, 1107 (6th Cir.1987), could be read to support Plaintiff's contention, we reject *Sherrill* to the extent that it is contrary to *Ford*.

#### 5. Negligent Supervision

{18} Plaintiff notes that the federal courts did not explicitly address negligent supervision and dismissed the claim without discussion. She does not, however, argue how this would affect claim preclusion. Consequently, we will not consider this argument. *See* Rule 12–213(A)(4) NMRA 1998 (requiring appellant's brief in chief to contain an argument of each issue presented); *Chavez v. Trujillo*, 47 N.M. 19, 22, 132 P.2d 713, 714 (1942) (holding that an "assignment of error not supported by point and argument will not be considered").

#### C. Other Contentions Regarding Negligent Investigation

{19} Plaintiff also challenges the trial court's denial of leave to amend her complaint to include a claim of negligent investigation because (1) justice required it, (2) the statute of limitations had not expired, and (3) the court improperly evaluated the merits of the claim and made findings of fact on it. We need not reach these issues, however, because we have already held that claim preclusion bars Plaintiff's action.

### III. CONCLUSION

{20} We affirm the trial court's dismissal of Plaintiff's claims and denial of her motion to amend. Plaintiff's contentions do not bar the application of claim preclusion.

{21} **IT IS SO ORDERED.**

HARTZ, C.J. and DONNELLY, J., concur.