2003-NMCA-105

75 P.3d 877

**Joseph Michael KATCHER, Plaintiff–Appellant,**

v.

**JOHNSON CONTROLS WORLD SERVICES, INC., Defendant– Appellee.**

No. 23,262.

Court of Appeals of New Mexico.

June 24, 2003.

Gilbert J. Vigil, Albuquerque, NM, for Appellant.

Paula G. Maynes, Miller Stratvert P.A., Santa Fe, NM, for Appellees.

## OPINION

VIGIL, Judge.

{1} Joseph Katcher (Katcher) appeals from a summary judgment granted to Johnson Controls World Services, Inc., (Johnson Controls) on the grounds that Katcher does not have a "disability" under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–213 (2001). Because of the procedural history of the case below, as well as a lack of preservation of the issues, we do not address Katcher's state law claims. We affirm.

## I. FACTS

{2} Katcher was employed by Johnson Controls as a dump truck driver from April 1987 until 1988. He was rehired by Johnson Controls in 1988. From 1988 until he was

laid off in 1992, Katcher worked as a warehouseman, warehouse yard stocker, and dump truck driver. In January 1990, Katcher sustained an injury to his shoulder while on the job. Following surgery, he returned to work at Johnson Controls with lifting restrictions. Katcher filed an administrative complaint with the Human Rights Commission and claimed he "suffered harassment regarding his disability." After investigating, the Commission made a finding of no probable cause.

{3} In June and July, 1996, Johnson Controls posted openings for the positions of warehouse storekeeper and dump truck driver. Katcher applied for both positions. In the application Katcher stated he had a "disability" consisting of a "12% total impairment rating for neck & shoulder of the whole body." Katcher said that his "disability" made him unable to lift more than thirty pounds and prevented him from lifting objects overhead or above his shoulders. He indicated that the "reasonable accommodations" which would allow him to work more effectively and safely were using portable steps for climbing onto a truck and using a hard hat only while working outside the truck cab because of neck pain. Katcher's affidavit opposing the motion for summary judgment added:

> I believe that my impairment is of long term duration which impairs my ability to perform the **major life activity of performing manual tasks.**
>
> I feel that I am unable to perform a **major life activity** that the average person in the general population can perform and that I am significantly restricted as to the condition, manner, or duration under which the average person in the general population can perform the same **major life activity.** In this regard I am disabled and I am substantially limited in **performing manual tasks of lifting.** This is an activity which is of **central importance** to most people's daily lives. (Emphasis added.)

{4} Katcher testified in his deposition he has a commercial driver's license and that he is able to drive a truck, to dispatch drivers to jobs, to perform inventory and stocking, to work at a gas station, to operate a forklift, and to use a computer.

{5} Johnson Controls did not hire Katcher for either of the posted positions. Katcher contends he was discriminated against because he has a "disability" and the ADA was violated.

## II. PROCEDURAL HISTORY

{6} The second amended complaint contains two counts. Count I in pertinent part alleges two state law violations: (1) discrimination on the basis of a "disability," NMSA 1978, § 28-1-7(A) (2001); and (2) retaliation for filing the administrative complaint with the Human Rights Commission, NMSA 1978, § 28-1-7(I) (1995). Count II alleges discrimination due to a "disability" in violation of the ADA. The district court granted summary judgment in favor of Johnson Controls and Katcher appealed. We affirmed summary judgment on the retaliation claim. On the discrimination claims, we *assumed,* as the parties did, that a prima facie case established that Katcher had a "disability." However, the record established material issues of fact about whether Johnson Controls used a pretext for failing to hire Katcher under the *McDonnell Douglas* test. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–07, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (stating initial burden is for plaintiff to establish prima facie case of discrimination; once established, burden shifts to defendant to offer legitimate, non-discriminatory reason for its actions; once established, burden shifts back to plaintiff to introduce evidence showing claimed reason really a pretext for discrimination). *See Smith v. FDC Corp.,* 109 N.M. 514, 517–18, 787 P.2d 433, 436–37 (1990) (applying *McDonnell Douglas* to employment discrimination case). On this basis, we reversed the summary judgment on the discrimination claims.

{7} The mandate issued and a hearing for entry of a judgment on the mandate pursuant to Rule 1-085 NMRA 2003 was set. Prior to the hearing, the parties agreed to the filing of a "Stipulated Order on Remand" which was approved by the district court. In the Stipulated Order, the parties agreed, and the court ordered:

1. That summary judgment entered on April 18, 2001 dismissing Count I (retaliation) of the Second Amended Complaint has been affirmed.

2. That the summary judgment entered on April 18, 2001 dismissing Count II (Americans With Disabilities Act Discrimination) of the Second Amended Complaint be, and it hereby is, vacated.

{8} Johnson Controls again filed a motion for summary judgment, this time contending Katcher has no prima facie case because the undisputed material facts establish that Katcher has no "disability" under the ADA. The district court agreed with Johnson Controls and entered its order dismissing the complaint with prejudice. Katcher appeals.

## III. DISCUSSION

### A. ADA Claim

{9} The New Mexico state courts have concurrent jurisdiction with federal courts to hear and decide claims brought under the ADA. *Weaver v. N.M. Human Servs. Dep't*, 1997–NMSC–039, ¶ 2, 123 N.M. 705, 945 P.2d 70. The ADA prohibits discrimination in the hiring process against a "qualified individual with a disability," unless the selection criteria are "job-related" and "consistent with business necessity" and the job performance cannot be accomplished by "reasonable accommodation." 42 U.S.C. §§ 12112(a), 12113(a). *See Lamay v. Roswell Indep. Sch. Dist.*, 118 N.M. 518, 527, 882 P.2d 559, 568 (Ct.App.1984). Therefore, in a failure-to-hire claim brought under the ADA, a plaintiff must demonstrate the following to establish a prima facie case: (1) that he has a "disability" within the meaning of the ADA; (2) that he was an otherwise qualified individual; and (3) that he was discriminated against because of his "disability." *Gillen v. Fallon Ambulance Serv., Inc.*, 283 F.3d 11, 20 (1st Cir.2002); *see also Weaver*, 1997–NMSC–039, ¶ 12, 123 N.M. 705, 945 P.2d 70, (stating that ADA requires proof that plaintiff is disabled).

{10} Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Rule 1–056(C) NMRA 2003. "A defendant seeking summary judgment ... bears the initial burden of negating at least one of the essential elements upon which the plaintiff's claims are grounded." *Blauwkamp v. Univ. of N.M. Hosp.*, 114 N.M. 228, 231, 836 P.2d 1249, 1252 (Ct.App.1992). Once such a showing is made, the burden shifts to the plaintiff to come forward with admissible evidence to establish each required element of the claim. *Id.* at 232, 836 P.2d at 1253. All reasonable inferences are construed in favor of the nonmoving party, *Weaver*, 1997–NMSC–039, ¶ 11, 123 N.M. 705, 945 P.2d 70, and we review the grant of a motion for summary judgment de novo. *Self v. United Parcel Serv., Inc.*, 1998–NMSC–046, ¶ 6, 126 N.M. 396, 970 P.2d 582. A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Goradia v. Hahn Co.*, 111 N.M. 779, 781, 810 P.2d 798, 800 (1991).

{11} The ADA defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). In turn, a "disability" is a term of art in the ADA. A "disability" is:

(A) a physical or mental impairment that substantially limits one or more of the major activities of such individual;

(B) a record of such impairment; or

(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).

{12} Katcher first argues that he has a "disability" under Subsection (A). To qualify as disabled under subsection (A), a claimant must show (1) he has a physical or mental impairment, (2) the impairment limits a "major life activity," and (3) the limitation on the major life activity is "substantial." *Toyota Motor Mfg. Ky., Inc. v. Williams*, 534 U.S. 184, 194–95, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002).

{13} The parties do not dispute that the medical condition of Katcher's shoulder constitutes a physical impairment under the ADA. In *Toyota Motor Manufacturing*, the

United States Supreme Court cited with approval Department of Health, Education and Welfare (HEW) regulations defining a "physical impairment" in part to mean:

> any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive, digestive, genito-urinary; hemic and lymphatic; skin; and endocrine.

*Id.* at 195, 122 S.Ct. 681 (internal quotation marks and citation omitted).

{14} The parties also do not dispute that Katcher's physical impairment limits a major activity. *Toyota Motor Manufacturing* also cites to HEW regulations which identify "performing manual tasks" as a major life activity. *Id.* at 195, 122 S.Ct. 681.

{15} The dispute centers on the third element: whether the limitation on Katcher's major life activity of performing manual tasks is "substantial." In *Toyota Motor Manufacturing,* the United States Supreme Court defined what constitutes a "substantial limitation in the specific major life activity of performing manual tasks." *Id.* at 196, 122 S.Ct. 681. The Court said:

> "Major life activities" thus refers to those activities that are of central importance to daily life. In order for performing manual tasks to fit into this category—a category that includes such basic abilities as walking, seeing, and hearing—the manual tasks in question must be central to daily life. If each of the tasks included in the major life activity of performing manual tasks does not independently qualify as a major life activity, then together they must do so.

*Id.* at 197, 122 S.Ct. 681.

■■ {16} The Supreme Court therefore held, "[T]o be substantially limited in performing manual tasks, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives. The impairment's impact must also be permanent or long term." *Id.* at 198, 122 S.Ct. 681. The central inquiry is whether the claimant is unable to perform the variety of tasks central to most people's daily lives, not whether the claimant is unable to perform the tasks associated with his specific job. *Id.* at 200–01, 122 S.Ct. 681. "We are bound by decisions of the United States Supreme Court affecting federal law." *Walker v. Maruffi,* 105 N.M. 763, 766, 737 P.2d 544, 547 (Ct.App.1987). We therefore rely on *Toyota Motor Manufacturing* in determining whether a plaintiff has a "disability" in an ADA claim filed in the New Mexico state courts.

■ {17} We hold that Johnson Controls was properly granted summary judgment. Katcher failed to establish triable issues of fact concerning whether his shoulder impairment makes him unable to perform the variety of tasks central to most people's daily lives. His affidavit in opposition to the motion for summary judgment states this as a conclusion but fails to set forth the facts upon which the conclusion is based. This is insufficient for overcoming a summary judgment motion. *See City of Albuquerque v. Jackson,* 101 N.M. 457, 460, 684 P.2d 543, 546 (Ct.App.1984) (stating conclusions not supported by facts insufficient to raise factual issue precluding summary judgment).

■■ {18} Secondly, Katcher argues that he has a "disability" under Subsection (C) of 42 U.S.C. § 12102(2), quoted above. To qualify as disabled under Subsection (C) a plaintiff must show: (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities; or (2) a covered entity mistakenly believes that the person's actual, nonlimiting impairment substantially limits one or more major life activities. *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 489, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). In other words, even if Katcher is not actually disabled, he has a "disability" under the ADA if Johnson Controls perceived him as having a disability and therefore did not hire him. *See Moore v. J.B. Hunt Transp., Inc.,* 221 F.3d 944, 954 (7th Cir.2000); 42 U.S.C. § 12111(2) (defining "covered entity").

{19} Katcher points to evidence that he returned to work for Johnson Controls under lifting restrictions until he was laid off in

282

June 1992. He also points to the evidence that when he applied for the vacant warehouse storekeeper and dump truck driver positions, he volunteered the information that he had 12% permanent partial physical impairment due to his 1990 work-related injury. However, this evidence is insufficient. It is not enough for Katcher to show that Johnson Controls was aware of his shoulder impairment; instead, Katcher was required to show that Johnson Controls knew of his shoulder impairment and believed that the impairment limited a "major life activity" and that the limitation on the major life activity was "substantial." *Moore*, 221 F.3d at 954. Plaintiff has not presented any evidence that Johnson Controls perceived him as substantially limited regarding any major life activity. Accordingly, summary judgment was properly granted on this claim of a "disability."

### B. Remaining State Claim

{20} Katcher's final argument is that even if summary judgment was properly granted on the ADA discrimination claim, summary judgment was improperly granted on the state discrimination claim, arguing that the state statute should be construed differently from the federal statute. *Compare*, NMSA 1978, § 28–1–2(M) (1993) (stating "physical or mental handicap" means a physical or mental impairment that substantially limits one or more of an individual's major life activities), *and* Section 28–1–2(N) (stating "major life activities" means functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, and learning), *with* 42 U.S.C. § 12102(2) (defining "disability" as set forth above).

{21} First, the differences (if any) between a state and federal discrimination claim were not argued to the trial court. "To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct.App.1987). Secondly, although the first summary judgment as to the state and federal discrimination claims was reversed by this Court, the stipulated order signed by

both parties makes no reference to the state discrimination claim. The order refers to the affirmance of the retaliation claim in Count I and then vacates the summary judgment only as to Count II, the federal discrimination claim. In this same stipulated order, the parties agree that the order on costs shall be vacated "pending a final determination of merits on the remaining count." Thus it appears that Katcher abandoned his state discrimination claim. This is further supported by Johnson Controls' motion for summary judgment which addresses the federal discrimination claim only and asks for dismissal of the second amended complaint. In his response, Katcher never argues that the state discrimination claim must be addressed. In fact, this argument appears for the first time on appeal. We conclude therefore that whatever viability the state discrimination complaint previously had, it is abandoned. *Cf. Citizens Bank v. C & H Constr. & Paving Co.*, 89 N.M. 360, 366, 552 P.2d 796, 802 (Ct.App.1976) (stating a party may not successfully maintain a legal position in litigation, then assume contrary position, especially if it be to the prejudice of party who acquiesced in the position formerly taken); 28 Am.Jur.2d *Estoppel & Waiver* § 71 (2000) (stating generally speaking, party will not be permitted to take a position contrary to, or inconsistent with, one previously assumed by him where he had full knowledge of the facts, and another will be prejudiced).

### IV. CONCLUSION

{22} We affirm the summary judgment entered in favor of Johnson Controls on Katcher's ADA discrimination claim on the basis that he failed to establish the first element of his prima facie case that he has a "disability" under the ADA.

{23} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and CELIA FOY CASTILLO, Judges.