**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**TANYA ESPINOSA, TINA ESPINOSA, and RONNIE ESPINOSA, JR.,**

Plaintiffs-Appellees,

v.                                                                                        **NO. 27,407**

**UNITED OF OMAHA LIFE INSURANCE COMPANY, MUTUAL OF OMAHA STRUCTURED SETTLEMENT COMPANY (MOSSCO-CT), and MUTUAL OF OMAHA COMPANIES, MICHELLE HOPE ROMERO-ESPINOSA, Individually and as Mother and Next Friend of STEPHANIE NICHOLE ROMERO, JAQUELINE MONIQUE ROMERO and ELIZABETH RACHEL ROMERO,**

Defendants,

and

**SETTLEMENT FUNDING, LLC, d/b/a PEACHTREE FINANCE CO., LLC,**

Intervenor-Appellant,

consolidated with

**IN THE MATTER OF THE ESTATE OF RONNIE GILBERT ESPINOSA, SR., DECEASED,**

Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**William F. Lang, District Judge**

Gilman Law Offices, LLC
James K. Gilman
Albuquerque, NM

Clara Ann Bowler
Albuquerque, NM

for Appellees Tanya Espinosa, Tina Espinosa, and Ronnie Espinosa, Jr.

Lewis & Roca LLP
R. Thomas Dawe
Albuquerque, NM

for Appellant Settlement Funding, LLC, d/b/a Peachtree Finance Co., LLC

Civerolo, Gralow, Hill & Curtis, P.A.
M. Clea Gutterson
Albuquerque, NM

for Defendants United of Omaha Life Ins. Co., et al.

Michelle Hope Romero-Espinosa
Albuquerque, NM

Pro Se Party

## MEMORANDUM OPINION

**KENNEDY, Judge.**

In this case, we review an order of the district court declaring that Intervenor-

Appellant Settlement Funding (Settlement) has no interest in an annuity which originally belonged to Decedent Ronnie Espinosa, Sr. (Espinosa) and in which Defendant Michelle Hope Romero-Espinosa and her three children (Romero Defendants) claimed an interest. We affirm the district court's amended final order and hold that Settlement has no security interest in the annuity, no claim against Espinosa's estate, and no claim in equity against Plaintiffs.

**BACKGROUND**

This appeal punctuates a convoluted procedural history that we do not recount here. For the narrow purposes of this opinion, we review only those facts essential to a determination of the issues before us. For a more comprehensive account of the dealings between these parties, we refer the reader to our decision in *Espinosa v. United of Omaha Life Insurance Co. (Espinosa I)*, 2006-NMCA-075, 139 N.M. 691, 137 P.3d 631.

Prior to his death, Espinosa was awarded a settlement as the plaintiff in a medical malpractice claim. Pursuant to the settlement agreement, Espinosa received two annuities, both containing anti-assignment provisions. On October 14, 1999, Espinosa and Michelle Hope Romero-Espinosa, as husband and wife, entered into a loan agreement with WebBank in which WebBank agreed to loan them $111,317.00 plus interest. *Espinosa I*, 2006-NMCA-075, ¶ 5. As security for the loan, the

Espinosas offered WebBank the right to payment on annuity number SU6176399. WebBank proceeded with the loan and eventually assigned all rights under the loan and security agreement to Settlement. *Id.*

Espinosa died on September 11, 2000,[1] and his three children by his former wife (Plaintiffs) filed a declaratory judgment action against the Romero Defendants to establish themselves as beneficiaries under the two annuities. *Id.* ¶¶ 3-5. In the meantime, the loan assigned to Settlement had gone into default, and Settlement intervened against Plaintiffs and the Romero Defendants to recover the annuity in satisfaction of the debt. *Id.* ¶ 5. As intervenor, Settlement also claimed unjust enrichment against Plaintiffs and the Romero Defendants. In *Espinosa I*, we considered the anti-assignment clauses in the annuities, held that the they were valid, and remanded that case to the district court for enforcement of the anti-assignment provision against Settlement. *Id.* ¶¶ 1, 30.

When the district court reconsidered the case, it issued an order granting summary judgment to Plaintiffs and stating that the use of the annuity as security constituted a violation of the anti-assignment provision and was invalid. The court held that Settlement had "no lien or other security interest, or any other claim of any kind" in the annuity. The court also ordered Settlement to make restitution to

---

[1] Espinosa's date of death is mistyped in *Espinosa I*, 2006-NMCA-075, ¶ 4, as September 1, 2000.

4

Plaintiffs for all sums Settlement had previously collected from the annuity, and it concluded that Settlement's petition for allowance of claim filed in the probate proceeding was "untimely and not well taken and should be denied." Settlement now appeals that decision, arguing that the district court lacked substantial evidence for its determination that Plaintiffs are entitled to the annuity proceeds and that it erred in denying Settlement's claim against Espinosa's estate.

While this case was pending on appeal, the district court entered an order for sanctions against the Romero Defendants under Rule 1-037(B) NMRA for failing to comply with discovery. That order struck all of the Romero Defendants' defenses and answers in this case, denied Michelle Hope Romero-Espinosa personal representative status for Espinosa's estate, and entered judgment by default against her and her children in favor of Plaintiffs. "[N]either [Michelle Hope Romero-Espinosa] nor any of her children have any right, title or interest of any kind whatsoever to the subject annuities" and "Plaintiffs shall be determined to be the lawful contract beneficiaries for the subject annuity contract[]." We have supplemented the record in this case to incorporate that order, dated May 7, 2008.

**DISCUSSION**

This dispute revolves primarily around the district court's January 3, 2007, order awarding summary judgment against Settlement and in favor of Plaintiffs. We

review orders for summary judgment de novo. *Katcher v. Johnson Controls World Servs., Inc.*, 2003-NMCA-105, ¶ 10, 134 N.M. 277, 75 P.3d 877.

**1.      Settlement Has No Security Interest In the Annuity**

Settlement no longer argues that they have a security interest in the annuity. Since our previous decision upheld the anti-assignment clause and remanded for entry of judgment for Plaintiffs on the issue, *Espinosa I*, 2006-NMCA-075, ¶ 30, Settlement now asserts that being ordered to pay Plaintiffs is unsupported by evidence supporting a determination that Plaintiffs are beneficiaries. At oral argument, our attention was drawn to an order entered by the district court for sanctions against the Romero Defendants on May 7, 2008 resulting from their failing to provide discovery. We ordered that the record be supplemented with this order, and the parties had the opportunity to argue its effect.

Our Supreme Court held in *Gonzales v. Surgidev Corp.*, 120 N.M. 151, 155-57, 899 P.2d 594, 598-600 (1995), that a district court retains sufficient jurisdiction over a case that is on appeal where the district court's action will not affect the judgment on appeal, and where the further action enables the trial court to carry out or enforce the judgment. *Id.* at 599. This is such a case. In its order, the district court imposed a default judgment on the Romero Defendants and stated that "neither [Michelle Hope Romero-Espinosa] nor any of her children have any right, title, or interest of any kind

6

whatsoever to the subject annuities." Settlement's claim to a security interest in the annuity was directed against the Romero Defendants. Because the Romero Defendants no longer have any interest in the annuity, Settlement's claim is rendered moot. Settlement took no appeal from the May 7, 2008 order. We therefore hold that Plaintiffs are entitled to the proceeds of the annuity, in which Settlement has no further interest.

**2. Settlement Has No Claim Against Espinosa's Estate**

As stated above, Espinosa died on September 11, 2000. Two months later, on November 29, 2000, Michelle Hope Romero-Espinosa was appointed personal representative of his estate. Settlement filed a claim against the estate on June 19, 2002, and on March 17, 2004, that action in probate was consolidated with the present litigation. After considering Settlement's claim against Espinosa's estate, the district court dismissed the claim as untimely. Settlement argues that the district court's dismissal was improper. We disagree.

Claims by creditors against an estate must be presented within one year of the decedent's death or within two months from the time the estate notifies the creditor, whichever is shortest. NMSA 1978, § 45-3-803(A) (1993). In this case, the estate provided no notice to Settlement or any other creditor. Therefore, we apply the one year standard announced in Section 45-3-803(A)(1). Espinosa died on September 11,

7

2000, and Settlement made no claim against his estate until June 19, 2002, a period of over one year. Because Settlement failed to comply with the requirements of Section 45-3-803(A)(1), we affirm the district court's dismissal of Settlement's claim against the estate.

Settlement contends that it filed its motion to intervene on August 30, 2001, which was within one year of Espinosa's death, and that this motion constitutes assertion of its claim against Espinosa's estate. We are not persuaded. The motion sought leave to file a complaint asserting a claim against the annuity payments, not a claim against Espinosa's estate. A contract claim asserted against a probate estate must be filed in the probate proceeding. *Frei v. Brownlee*, 56 N.M. 677, 679, 248 P.2d 671, 673 (1952). Settlement filed its motion to intervene in the case Plaintiffs filed against Defendants, not in the probate proceeding, and that case was not consolidated with the probate proceeding until March 17, 2004, more than three years after Espinosa's death. Settlement is asking us to morph its claim against the annuity proceeds in Plaintiff's case into a claim on the promissory note in the probate proceeding. We decline to do so.

Settlement argues that we should reverse based on the authority of NMSA 1978, § 45-3-804 (1983), which defines the process for creditor claims against estates, and NMSA 1978, § 45-3-806 (1993), which allows creditor claims to go forward

where the personal representative makes no objection. We find these arguments unpersuasive. Neither Section 45-3-804 nor Section 45-3-806 releases a creditor from compliance with the requirements announced in Section 45-3-803.

**3. Settlement Has No Claim in Equity Against Michelle Hope Romero-Espinosa**

Finally, we briefly consider the issue of Settlement's claim against Michelle Hope Romero-Espinosa for unjust enrichment. In its amended complaint in intervention, Settlement asserts that Michelle Hope Romero-Espinosa would be "unjustly enriched if . . . permitted to retain the contract rights and personal property granted as [c]ollateral to [Settlement's] predecessor in interest." Such unjust enrichment will occur, Settlement contends, because its predecessor in interest "delivered and paid valuable consideration for the contract rights and [c]ollateral granted to" Michelle Hope Romero-Espinosa. We see this as congruent with Settlement's statement at argument that this claim lies against anyone who is not a proper beneficiary. On appeal, Settlement claims that the district court erred when it dismissed this equitable claim pursuant to our instructions in *Espinosa I*. We disagree. As a result of the district court's entry of default against her, Michelle Hope Romero-Espinosa no longer has any interest in the annuities that form the subject of this appeal. Because she has no interest in the annuities, a claim for unjust enrichment against her in this action would be moot. The district court's opinion and our opinion

9

only resolve the claims between Settlement and Plaintiffs. Since the Romero Defendants have been dismissed from the suit, Settlement's remedies against them, if any remain, are no longer able to be pursued in this case, and on remand.

**CONCLUSION**

For the reasons stated above, we affirm the order of the district court and hold that Settlement has no security interest in annuity number SU6176399, no claim against Espinosa's estate, and no longer any equitable claim against Michelle Hope Romero-Espinosa.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**MICHAEL E. VIGIL, Judge**