**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ALFRED LUNA,**

        **Plaintiff-Appellant,**

v.                             **NO. 29,298**

**GROUP I**

**ANDERSON LIVING TRUST,
JESSIE LUCERO, LA MERCED DEL
MANZANO GRANT a/k/a MANZANO
LAND GRANT, DONALD ANDERSON,
and MELA ANDERSON, Trustees,**

**GROUP II**

**MABEL OTERO,**

        **Defendants-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY
Edmond H. Kase, III, District Judge**

Alfred Luna
Estancia, NM

Pro Se Appellant

Catherine F. Davis
Albuquerque, NM

for Group I Appellees

Law & Resource Planning Associates, P.C.
Charles T. Dumars
Albuquerque, NM

for Group II Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Plaintiff is appealing, pro se, from a district court judgment granting summary judgment in favor of Defendants. We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition. We affirm.

The district court granted Defendants' motion to dismiss on res judicata grounds. Because matters outside of the pleadings were considered [RP 45-76], Defendants' motion was converted to a motion for summary judgment. *See Knippel v. N. Commc'n, Inc.*, 97 N.M. 401, 402, 640 P.2d 507, 508 (Ct. App. 1982). "Summary judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Roth v. Thompson*, 113 N.M. 331, 334, 825 P.2d 1241, 1244 (1992). When a party makes a prima facie showing of summary judgment, the burden shifts to the party opposing the motion to come forward with specific material facts that would make a trial necessary. *Id.* at 334-35, 825 P.2d at 1244-45. We look to the whole record to see if a material fact issue exists. *Id.* at 335, 825 P.2d at 1245.

For the res judicata bar to apply, Defendants had to establish the following

elements: (1) the second suit involves the same parties or parties in privity; (2) the same identity of capacity or character of persons for or against whom the claim is made; (3) the same subject matter; and (4) the same cause of action in both suits. *Wolford v. Lasater*, 1999-NMCA-024, ¶ 5, 126 N.M. 614, 973 P.2d 866. There must also have been a final decision on the merits. *Id.* New Mexico applies a "transactional analysis" to determine whether the new claim is barred. *See Anaya v. City of Albuquerque*, 1996-NMCA-092, ¶ 7, 122 N.M. 326, 924 P.2d 735. Under this analysis, a party may not avoid preclusion by simply changing the legal theory, and the focus instead is whether the actions arose out of the same nucleus of operative facts. *Id.* ¶ 8.

Here, Plaintiff's complaint alleged that Defendants had obtained their title to the disputed property through fraudulent conveyance. [RP 1] As Defendants noted in their motion to dismiss, the disputed property was the subject of a prior quiet title action, where the district court ruled in Defendants' favor in a 2007 judgment that was affirmed by this Court in January 2008. [RP 41, 50, 56] Not only is it undisputed that Plaintiff was a party to that litigation, but he had specifically raised a fraud claim at that time. [RP 61, 123-24] Therefore, whether we apply a broad transactional analysis, or whether we look to the specific claims involved in the prior suit, we reach the same conclusion, that Plaintiff's complaint for fraud is barred under the doctrine of res judicata. If, as Plaintiff claims in his memorandum in opposition [*but see* RP 45, 123-24], the district court in the prior action never reached the fraud issue, he should have

raised that issue in his prior appeal. To the extent that Plaintiff would like to convert his complaint into a Rule 1-060(B)(3) NMRA motion based on fraud [MIO 3], the complaint was filed outside of the time limits permitted under that Rule. *See* Rule 1-060(B)(6). He could have made this motion notwithstanding the fact that he had appealed from the prior judgment. More to the point, we believe that his fraud claim is simply a restatement of his earlier fraud claims.

Finally, to the extent that Plaintiff is attempting to amend his docketing statement to raise additional issues [MIO 6], we deny his motion because these issues are subject to the res judicata bar as well. *See* Rule 12-208(F) NMRA (requiring good cause to amend docketing statement); *see generally State v. Moore,* 109 N.M. 119, 128-29, 782 P.2d 91, 100-01 (Ct. App. 1989).

For the reasons set forth above, we affirm.

**IT IS SO ORDERED**.

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**CELIA FOY CASTILLO, Judge**

4