This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RAYMOND O. GALUSHA,**

Plaintiff-Appellant,

v.                                                    **NO. 29,544**

**MARGARET Y. ROMERO and**
**ROBERT ST. JOHN,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie A. Huling, District Judge**

Raymond O. Galusha
Albuquerque, NM

Pro Se Appellant

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Charles K. Purcell
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Plaintiff, appearing pro se here and below, appeals the district court's order granting summary judgment in favor of Defendants. We issued a notice of proposed summary disposition, proposing to affirm. Plaintiff has responded to our notice. We have given due consideration to Plaintiff's arguments and remain unpersuaded that Plaintiff has established error. We affirm.

On appeal Plaintiff asserts that the district court committed legal error, that there exists a factual dispute precluding summary judgment, that the district court failed to consider and evaluate evidence, and that the district court violated Plaintiff's right to due process when it refused to permit Plaintiff to hear his motion for summary judgment. [DS unnumbered page 2] Our notice pointed out to Plaintiff that his docketing statement did not specify the legal error, factual dispute, and unexamined evidence about which he complained. [CN 3] Although we acknowledged that the burden of clearly demonstrating error rests with the appellant and that we will reject and not review unclear, undeveloped or unintelligible arguments, we nevertheless proceeded to examine the merits of Plaintiff's appeal on the basis of the pleadings and the summary judgment order contained in the record. [CN 3-8] It appeared to this Court that Plaintiff raised claims of malicious abuse of process and prima facie tort on the grounds that Defendants sought to serve him by publication for the purpose of poisoning the court to believe that he was evading service and that when Plaintiff had to defend against Defendant's motion for service by publication, it was unnecessary

and embarrassing.  [RP 8-12; CN 5-7]

As we stated in our notice, "[s]ummary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. . . .  We review these legal questions de novo."  *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582 (citation omitted).  "The movant need only make a prima facie showing that he is entitled to summary judgment.  Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits."  *Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992) (citation omitted).

A claim for malicious abuse of process must establish the following:

> (1) the initiation of judicial proceedings against the plaintiff by the defendant; (2) an act by the defendant in the use of process other than such as would be proper in the regular prosecution of the claim; (3) a primary motive by the defendant in misusing the process to accomplish an illegitimate end; and (4) damages.  The second element—misuse of process—can be shown in one of two ways:  (1) filing a complaint without probable cause, or (2) an irregularity or impropriety suggesting extortion, delay, or harassment.

*Fleetwood Retail Corp. of N.M. v. LeDoux*, 2007-NMSC-047, ¶ 12, 142 N.M. 150, 164 P.3d 31 (internal quotation marks and citations omitted).

We proposed to agree with the district court that Plaintiff's response to Defendants' motion for summary judgment was insufficient to defeat it.  First, there

is no indication that Defendants, as attorneys for their client, initiated proceedings against Plaintiff. Only the real party in interest prosecutes claims. *See* Rule 1-017(A) NMRA. "A real party in interest is one who owns the right being enforced or who is in a position to discharge the defendant from liability." *Moody v. Stribling*, 1999-NMCA-094, ¶ 8, 127 N.M. 630, 985 P.2d 1210. Second, Plaintiff makes no allegation that the suit was filed without probable cause. [RP 38] Third, it appears that Plaintiff was not irregularly or improperly served by publication, as Judge Rivera had already decided in the previous case. [RP 38-41, 57-66] *See* Rule 1-004(F), (J), and (K) NMRA; *see also Chaara v. Lander*, 2002-NMCA-053, ¶¶ 6-21, 132 N.M. 175, 45 P.3d 895 (precluding the plaintiff from seeking damages in a separate action against his ex-wife's attorney for the attorney's actions in the domestic relations case under the doctrine of res judicata).

We further stated that Plaintiff's response to Defendants' motion for summary judgment fails to directly address these deficiencies with his cause of action, and it does not create a material factual dispute as to any element of the cause of action. [RP 71-78] *See Rivera v. King*, 108 N.M. 5, 9, 765 P.2d 1187, 1191 (Ct. App. 1988) (noting that the "party resisting summary judgment cannot stubbornly rely on pleading once moving party makes prima facie showing, but must come forward and demonstrate evidence is available to justify trial on issue"). For these reasons, we proposed to affirm summary judgment on Plaintiff's claim of malicious abuse of

process.

Our notice went on to state that for Plaintiff's claim of prima facie tort to survive summary judgment, Plaintiff must prove, through the use of affidavits and discovery, the need for a trial on the merits on the following elements: "1) an intentional and lawful act, 2) an intent to injure the plaintiff, 3) injury to the plaintiff as a result of the intentional act, and 4) the absence of justification for the injurious act." *Kitchell v. Pub. Serv. Co. of N.M.*, 1998-NMSC-051, ¶ 15, 126 N.M. 525, 972 P.2d 344. Plaintiff's claim for prima facie tort relies on the same set of facts as he relied on for malicious abuse of process. *See Guest v. Berardinelli*, 2008-NMCA-144, ¶ 38, 145 N.M. 186, 195 P.3d 353. We observed that where the same set of facts are alleged for both torts, and the plaintiff cannot establish that there was no probable cause to file suit or that there was no overt misuse of process, neither tort will survive summary judgment. *Id.* ¶ 39. Plaintiff's response to Defendants' motion for summary judgment simply states that "Prima Facie Tort Exists because a prima facie tort may be [pled] in the alternative." [RP 73] This is insufficient. "Prima facie tort is not intended to be a 'catch-all' alternative for every action that cannot stand on its own legs." *Id.* ¶ 37. As we have stated, the "party resisting summary judgment cannot stubbornly rely on pleading once the moving party makes [a] prima facie showing, but must come forward and demonstrate evidence is available to justify trial on the issue." *Rivera*, 108 N.M. at 9, 765 P.2d at 1191. For these reasons, we proposed to affirm the

district court's grant of summary judgment in favor of Defendants.

In response to our notice, Plaintiff repeatedly accuses this Court of failing to review the record "and take the time and effort that the law requires" and "rush[ing]" to a decision. [MIO 1-6]  To be clear, a notice of proposed disposition is simply a proposal, and the party opposing the proposed disposition has the opportunity to file a response, which we consider in reaching a final decision. *See* Rule 12-210(D)(3) & (5) NMRA.  Plaintiff's response is neither appropriate nor sufficient to persuade us that our proposed analysis is incorrect.

Plaintiff's response also emphasizes that the district court and this Court failed to address the propriety of the notice given to Plaintiff by email and the service by publication in the other, separate proceeding.  This complaint is relevant to the current action alleging malicious abuse of process and prima facie tort only to the extent that it purports to show that Defendants misused the process and that the service by publication was improper and unnecessary.  Plaintiff seems to believe that the motion for summary judgment is not appropriate because of a factual issue regarding these matters.  First, we fail to see any material factual dispute in his claim that notice by email was sufficient and service by publication was improper that would preclude summary judgment.  Second, we fail to see any legal error in the district court's ruling recognizing service by publication where the rules permit it.  *See* Rule 1-004(F), (J) & (K).  Third, Judge Rivera has already determined that it was proper under the

circumstances of that separate action, and Plaintiff is not entitled to a new trial on these matters. *See Chaara*, 2002-NMCA-053, ¶¶ 6-21 (precluding the plaintiff from seeking damages in a separate action against his ex-wife's attorney for the attorney's actions in the domestic relations case under the doctrine of res judicata). We also note the lack of legal support offered for Plaintiff's contention that New Mexico courts should apply Federal Rules of Civil Procedure where they differ from our New Mexico Rules of Civil Procedure. [MIO 4-5] *See, e.g.*, *Romero v. Philip Morris Inc.*, 2005-NMCA-035, ¶ 35, 137 N.M. 229, 109 P.3d 768 (observing that we may look to a federal rule of procedure where it is essentially identical to our New Mexico rule of procedure). Moreover, there are several other elements that must be established to prevail on the tort claims, which we proposed to hold were also not proven. [CN 5-6] Plaintiff's response does not address those specific grounds on which we proposed to affirm with either argument pointing out pertinent facts or citation to case law. We remain persuaded that our proposed analysis is correct.

Plaintiff's response also complains that his claim for prima facie tort was given short shrift both in this Court and below because the same factual issue regarding service should have precluded summary judgment. [MIO 4] Again, there are other deficiencies in Plaintiff's tort claims that justify summary judgment, and we are not persuaded that service was improper or that the propriety of the service given in the other action is an appropriate factual issue for purposes of precluding summary

7

judgment in this case. Without further argument from Plaintiff regarding pertinent facts or case law, we remain unpersuaded.

Lastly, to the extent that Plaintiff complains about violations of his civil rights and right to due process, we are not persuaded. In his response to our notice, Plaintiff seems to make claims that these rights were violated in reference to the amount of time he was given to respond to service by email in the other action. [MIO 2-3, 5] Where a party is given different forms of notice of a claim, we fail to see how a due process violation results, and Plaintiff does not offer any legal support for this contention. Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). Again, we are not persuaded that the motion for service by publication was improper or that the propriety of the service given in the other action is an appropriate factual issue for purposes of precluding summary judgment in this case.

For the reasons stated above and proposed in our notice, we hold that Plaintiff has not established that the district court erred by granting summary judgment on his claims. We affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

8

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**