This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-36291**

**STATE OF NEW MEXICO ex rel.**
**OFFICE OF THE STATE ENGINEER,**

      Plaintiff-Appellee,

v.

**JAMES SCOTT BOYD,**

      Defendant-Appellant,

and

**ELEPHANT BUTTE IRRIGATION**
**DISTRICT, et al.,**

      Defendants.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James J. Wechsler, Presiding Judge**

Jeffrey Bossert Clark, Assistant Attorney General
Eric Grant, Deputy Assistant Attorney General
John L. Smeltzer
Mark R. Haag
Washington, DC

for Appellee United States

Hector H. Balderas, Attorney General
Gregory C. Ridgley, General Counsel
Richard Allen, Special Assistant Attorney General
Sonny Swazo, Special Assistant Attorney General
Santa Fe, NM

for Appellee State of New Mexico ex rel. Office of the State Engineer

Samantha R. Barncastle, General Counsel

Las Cruces, NM

for Appellee Elephant Butte Irrigation District

Robert S. Simon
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** James Scott Boyd (Boyd), individually and as personal representative or receiver and heir to the Estate of Nathan Boyd, appeals the district court's 2017 Order striking his Form B Notice of Intent to Participate (Form B notice) in a stream system issue regarding surface water rights in the Lower Rio Grande stream system. In reaching its decision, the district court determined that Boyd's claims to participate in the stream system issue were barred by res judicata. We affirm.

**BACKGROUND**

**{2}** This appeal arises out of a proceeding in the course of a general adjudication of water rights in the Lower Rio Grande Basin (Lower Rio Grande Adjudication). *See* NMSA 1978, § 72-4-17 (1965) ("In any suit for the determination of a right to use the waters of any stream system, all those whose claim to the use of such waters are of record and all other claimants . . . shall be made parties."). Boyd previously made claims to water rights in the Lower Rio Grande Adjudication in a 2012 expedited *inter se* proceeding. In that proceeding, the district court found that Boyd's asserted rights were based on existing works that he does not own and over which he has not exercised control for over a century. It also addressed his claims to the water based in the "*Mendenhall* Doctrine[,]" *see State ex rel. Reynolds v. Mendenhall*, 1961-NMSC-083, 68 N.M. 467, 362 P.2d 998, and his claims of fraud. The district court also found that Boyd's claims were barred by res judicata based on earlier judicial decisions related to RGD&IC, Ltd. After Boyd appealed the 2012 Order to the New Mexico Court of Appeals, we affirmed. *Boyd Estate ex rel. Boyd v. United States*, 2015-NMCA-018, 344 P.3d 1013, *cert. denied*, 2015-NMCERT-___ (No. 35,026, Jan. 14, 2015).

**{3}** In 2016, the Elephant Butte Irrigation District and State of New Mexico moved to designate a stream system, "concerning whether surface water rights developed before the Rio Grande Project and now served by the Project were extinguished by any means[,]" in the Lower Rio Grande Adjudication. *See* Rule 1-071.1(A) NMRA ("If the court determines . . . that the division of the stream system into subsections would promote the speedy and efficient prosecution of a stream system adjudication suit conducted pursuant to Section 72-4-17 . . . the court may order the plaintiff to join water rights claimants by stream system subsections[.]"). Within the adjudication, the issue

was designated as Stream System Issue No. 107 (SS-107) and parties that wished to participate in the stream system issue were ordered to file a Form B notice.

**{4}** Despite the dismissal of his previous claims to water rights in the Lower Rio Grande Adjudication in 2012, Boyd, individually, and as the personal representative of the Estate of Nathan Boyd, filed a Form B notice in SS-107. In his Form B notice, Boyd asserted that he had a legal right to participate individually and again asserted claims as a successor to Nathan Boyd's interests as a receiver by stating:

> [Boyd], individually as representative of the heirs of Nathan Boyd and as the Personal Representative of the Estate of Nathan Boyd[, Boyd] claims, as successor to the rights and interests [Nathan] Boyd held as receiver, the liquidated assets of [RGD&IC, Ltd.], an English company and who shares an interest as tenant-in-common with the LRG landowners/farmers in the project rights in the Rio Grande Elephant Butte Project created and vested by [RGD&IC, Ltd.] with a priority date of January 12, 1893.
>
> The project rights claimed herein and in the *Inter Se* proceeding before this court are senior and superior to all other claimants' claims to project rights in the LRG and were vested under the federal Act of March 3, 1891, along with the vesting of storage and water rights appropriated under the N.M. Territorial Acts of February 24, 1887 and February 26, 1891.

In response, the State filed a motion to strike Boyd's Form B notice, reasoning that he had no legal right to participate in SS-107 because both his individual claims and his claims as the personal representative of the Estate of Nathan Boyd had been previously litigated and dismissed. The district court granted the State's motion, finding that Boyd's claimed interests were previously adjudicated in the 2012 Order that was affirmed by this Court in 2015. *See Boyd*, 2015-NMCA-018.

**{5}** Boyd's appeal of the grant of the State's motion to strike his Form B notice followed. Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of this case, we reserve discussion of specific facts where necessary to our analysis.

## DISCUSSION

**{6}** Boyd's arguments do not address any errors in the district court's order from which he appeals—the Form B notice. Instead, he primarily focuses on relitigating issues relating to the 2012 Order and other proceedings long-since completed. In fact, in this appeal, although he takes issue with the district court's actions, Boyd does not seek reversal of the district court's order striking his Form B notice. Instead he requests that we direct the district court to "revise its earlier decisions to consider Boyd's well-pleaded facts including those facts controverting res judicata[.]" Essentially, Boyd asks this Court to overturn critical decisions that have been in place from 1906 until as recently as 2020. *See United States v. Rio Grande Dam & Irrigation Co.*, 1906-NMSC-

013, ¶ 3, 13 N.M. 386, 85 P. 393, *aff'd sub nom. Rio Grande Dam & Irrigation Co. v. United States*, 215 U.S. 266 (1909) (affirming a default judgment of RGD&IC, Ltd.'s claims based on the forfeiture of rights to complete the irrigation project and the granting of a permanent injunction of the right to complete its project); *Boyd v. United States*, No. 96-476L, slip op. at 2 (Fed. Cl. Apr. 21, 1997) (rejecting Boyd's takings claim regarding the irrigation rights and claim of fraud based on the statute of limitations and lack of jurisdiction as to the fraud claims); *Boyd*, 2015-NMCA-018 (rejecting Boyd's claims to water rights in the *inter se* proceeding based on a failure to state a cognizable claim to the water rights, fraud, and conspiracy and also concluding his claims were barred by res judicata); *Texas v. New Mexico*, ___ U.S. ___, 140 S. Ct. 815 (2020) (mem.) (denying Boyd's motion to intervene in a dispute about the apportionment of water of the Rio Grande). Boyd additionally claims that the State Engineer lacks authority to regulate a water right prior to the completion of an adjudication. After due consideration of the issues presented, we affirm.

## I. Boyd's Claims Are Barred by Res Judicata

**{7}** Boyd argues the district court erred by striking his Form B notice because its decision was based on the district court's 2012 Order, an order that Boyd claims suffers from numerous errors. Such errors include that the 2012 Order did not accept his well-pleaded facts, incorrectly equated possession with ownership, erred in its res judicata determination, and erred in not allowing his claims of fraud to go forward. Having thoroughly reviewed the record and Boyd's claims, we conclude that Boyd's claim to SS-107 through the Form B notice is barred by res judicata because his claims were previously determined in the 2012 Order. We explain.

**{8}** "Res judicata is a judicially created doctrine designed to promote efficiency and finality by giving a litigant only one full and fair opportunity to litigate a claim and by precluding any later claim that could have, and should have, been brought as part of the earlier proceeding." *Potter v. Pierce*, 2015-NMSC-002, ¶ 1, 342 P.3d 54. "A party asserting res judicata or claim preclusion must establish that (1) there was a final judgment in an earlier action, (2) the earlier judgment was on the merits, (3) the parties in the two suits are the same, and (4) the cause of action is the same in both suits." *Id.* ¶ 10. "The purpose of res judicata is to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Chaara v. Lander*, 2002-NMCA-053, ¶ 10, 132 N.M. 175, 45 P.3d 895 (internal quotation marks and citation omitted). "[W]e review the legal issue presented by the district court's application of res judicata de novo." *Deflon v. Sawyers*, 2006-NMSC-025, ¶ 3, 139 N.M. 637, 137 P.3d 577.

**{9}** The 2012 Order was based on the district court's review of Boyd's assertion of five distinct claims to water rights in the Lower Rio Grande Adjudication.[1] The 2012 Order found that Boyd's asserted rights were based on existing works that he does not own and over which he has not exercised control for over a century. It also addressed his *Mendenhall*-based claims, *see Mendenhall*, 1961-NMSC-083, and his claims of

---

1For an extensive explanation of the origins of Boyd's claims, see *Boyd*, 2015-NMCA-018, ¶¶ 2-8.

fraud. In addition to addressing his substantive claims, the district court found that Boyd's claims were barred by res judicata. After Boyd appealed the 2012 Order to the New Mexico Court of Appeals, this Court affirmed. *Boyd*, 2015-NMCA-018. This Court held that RGD&IC, Ltd.'s work in 1896 could not be the basis of Boyd's claim to an existing water right, *see id.* ¶¶ 12-17, that the facts pleaded in his claim did not establish a conspiracy to commit fraud, *id.* ¶¶ 18-20, and that res judicata applied based on previous litigation in the Third Judicial District Court, the Supreme Court of the Territory of New Mexico, the United States Supreme Court, and the Federal Court of Claims. *Id.* ¶¶ 21-26. Our Supreme Court denied Boyd's writ of certiorari. *Id.*

{10}     As previously noted, Boyd makes no specific arguments directed to the district court's order striking his Form B notice. Instead, Boyd's arguments are directed toward revisiting his previous claim that the district court erred in its 2012 Order. However, that claim has been fully litigated and resolved. The 2012 Order is a final judgment affirmed by an appellate court in which certiorari was denied. *See id.* Boyd's arguments with regard to his claim to water rights in the Lower Rio Grande Adjudication have been fully addressed. The parties are the same in each case. Boyd raised, or had the opportunity to raise in his 2012 litigation, the claim he makes again in this action: that he was not a party to the 1903 litigation, that he was not in privity with a party and that the prior judgment was null and void as to him because he was not served with notice.

{11}     Finally, the cause of action is the same because both are based on Boyd's claims to water rights in the Lower Rio Grande Valley stemming from claims as a successor interest to RGD&IC, Ltd. All four elements of res judicata are met, and we conclude that Boyd's claims are precluded as a result. *See Deflon*, 2006-NMSC-025, ¶ 2 ("Res judicata prevents a party or its privies from repeatedly suing another for the same cause of action.").[2]

## II.     Boyd Did Not Preserve His Claim That the State Engineer Lacks Authority to Regulate a Water Right Prior to Final Adjudication

{12}     Boyd's final argument is that the State Engineer has no authority to regulate the use of water prior to completion of the adjudication. Based on our review, we agree with the State that Boyd failed to raise this argument to the district court. Therefore, we conclude that Boyd failed to preserve this issue. *See In re Estate of Vigil*, 2012-NMCA-121, ¶ 18, 296 P.3d 1209 ("To preserve an issue for review on appeal, it must appear that [the] appellant fairly invoked a ruling of the [district] court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)). "Absent that citation to the record or any obvious preservation, we will not consider the issue." *Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106

---

[2]To the extent that the State requests that we enjoin Boyd and prohibit him from filing any claim related to the purposed rights of the RGD&IC, Ltd., or any alleged successors, in the future, Rule 12-309 NMRA of our Rules of Appellate Procedure sets out the procedure for filing motions in this Court. Because the State's requests fail to comply with our rules we decline to consider them here. *See* Rule 12-312(D) (enumerating the possible sanctions this Court may provide).

P.3d 1273. Boyd did not raise this argument in the district court and we decline to address this particular argument further.

**CONCLUSION**

**{13}** We affirm the district court's decision.

**{14}  IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**